## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. 8:21-cv-02353

**MICHAEL BRANNIGAN, ATTORNEY-IN FACT FOR PATIENT KP, and WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a/ JET ICU,**

       **Plaintiffs,**

   **v.**

**ANTHEM BLUE CROSS AND BLUE SHIELD,**
       **Defendant.**

_____

### DEFENDANT ANTHEM BLUE CROSS AND BLUE SHIELD'S MOTION TO DISMISS COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and supported by the accompanying Memorandum of Law, Defendant Anthem Blue Cross and Blue Shield ("Anthem"), by and through the undersigned counsel, respectfully move to dismiss Plaintiffs Michael Brannigan ("Brannigan") and Worldwide Aircraft Services, Inc., d/b/a Jet ICU ("Jet ICU") (collectively, "Plaintiffs") Complaint (ECF No. 1).  In particular, Anthem moves to dismiss Plaintiffs' one-count Complaint alleged a violation of the Employee Income Retirement Act of 1974 ("ERISA") for lack of standing, lack of personal jurisdiction, and failure to state a claim.

Date:  December 7, 2021          Respectfully Submitted,

**ANTHEM BLUE CROSS
AND BLUE SHIELD**

By: */s/ Gillian D. Williston*

TROUTMAN PEPPER HAMILTON
SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7517
Facsimile: (757) 687-7510
Email: Gillian.Williston@troutman.com
*Counsel for Defendant Anthem Blue Cross
and Blue Shield*

## DEFENDANT ANTHEM'S MEMORANDUM OF LAW

## I.      INTRODUCTION

Plaintiffs are an out-of-network air ambulance company based in Florida, known as Worldwide Aircraft Services, Inc., d/b/a Jet ICU ("Jet ICU"), and the company's attorney, Michael Brannigan ("Brannigan") (collectively, "Plaintiffs"), purporting to act as attorney-in-fact for a third-party patient KP.  Plaintiffs assert that Defendant Anthem Blue Cross and Blue Shield ("Anthem") failed to adequately reimburse Jet ICU for flight transportation services provided to the patient, in violation of the Employee Income Retirement Act of 1974 ("ERISA"). Plaintiff's patient, KP, is a beneficiary under a health plan ("the Plan") that is governed by ERISA.  Plaintiffs' one-count ERISA complaint against Anthem fails for three separate reasons: (1) Plaintiffs do not have standing to sue under ERISA; (2) the allegations of the Complaint fail to satisfy the personal jurisdiction requirements; and (3) Plaintiffs fail to sufficiently state a claim for benefits under ERISA.

First, Plaintiffs do not have standing to sue under ERISA.  Neither Jet ICU nor Brannigan have the requisite statutory authority to bring an ERISA claim. Moreover, Plaintiffs cannot establish derivative standing because of the Plan's clear and unambiguous anti-assignment provision precludes Jet ICU and its attorney from seeking relief.  Plaintiffs attempt to sidestep the standing issue by

asserting that Brannigan is acting pursuant to a POA executed by the Plan beneficiary, patient KP.  However, the alleged POA would only give Brannigan standing to the extent he is suing *for the benefit* of patient KP.  On the face of the pleadings, Brannigan is an attorney for Jet ICU and it is not clear how this lawsuit will benefit patient KP.  The Complaint should be dismissed due to Plaintiffs' lack of standing.

Second, the allegations of the Complaint to satisfy the personal jurisdiction requirements because Plaintiffs have not – and cannot – allege that a specific nexus between the claim and Anthem's contact with Florida.  Rather, Plaintiffs rely on generic allegations of general jurisdiction, which do not apply to Anthem because it is not incorporated and does not have its principal place of business in Florida.  The Complaint should also be dismissed for lack of personal jurisdiction.

Third, Plaintiffs fail to sufficiently state a claim for benefits under ERISA.  Case law is clear that Plaintiffs are required to identify the specific plan terms that confer the benefit sought, which Plaintiffs have failed to do here.  Accordingly, the Complaint is also ripe for dismissal on this ground.

## II.    PROCEDURAL BACKGROUND

Plaintiffs Brannigan and Jet ICU (collectively, "Plaintiffs") filed this Complaint on October 6, 2021 bringing a claim for unpaid benefits under employee benefit plan governed by ERISA against Anthem in the Middle District

Court of Florida.  Brannigan alleges that he was granted a power of attorney from patient KP that conferred ERISA standing.  (Complaint ("Compl.") ¶ 36.)  Defendant Anthem waived service of a summons and complaint on October 8, 2021, extending its time to respond to the complaint 60 days to December 7, 2021.

## III.    FACTUAL BACKGROUND

This case is brought by an out-of-network provider to seek reimbursement for air ambulance services it provided to a beneficiary of an ERISA health plan administered by Anthem.  Plaintiffs are an out-of-network air ambulance company based in Florida, known as Jet ICU, and the company's attorney, Brannigan, purporting to act as attorney-in-fact for the third-party patient KP.  (Compl. ¶ 11.)  Plaintiffs allege that Anthem failed to adequately reimburse Jet ICU for air ambulance services provided to the patient, in violation of ERISA.  (Compl. ¶ 1.)

The patient, KP, is a beneficiary under a health plan that is administered by Anthem and governed by ERISA.  (Compl. ¶ 2.)  Plaintiffs allege that Jet ICU provided air ambulance services to patient KP on August 18, 2019 (the "Services").  (Compl. ¶ 16.)  Plaintiffs allege that Anthem denied the air transportation invoice was not medically necessary.  (Compl. ¶ 3.)  Anthem found that according to its plan clinical guideline, the patient could have received care in the Dominican Republic, and thus did not reimburse the air transportation portion of the claim.  (Compl. ¶¶ 3-4.)

While Plaintiffs admit that the claim for additional benefits is governed by ERISA, they also claim they are entitled to "the usual and customary amount governed by Fla. Stat. § 627.513(5) for emergency services (net of the applicable copayment)" or "the out-of-network out-of-area rate specified in the Anthem Certificate of Coverage issued to patient KP." (Compl. ¶¶ 1, 10-11.) Plaintiffs do not cite to any provision in the Plan supporting these allegations.

Moreover, Plaintiffs' only allegations concerning the existence of personal jurisdiction are that Anthem "systematically and continuously conducts business in the State of Florida, and otherwise has minimum contacts with the State of Florida sufficient to establish personal jurisdiction over it." (Compl. ¶ 9.) Plaintiffs only allege broadly and vaguely that Anthem conducts business in this State by marketing, advertising and selling insurance products, and insures and administers group healthcare insurance plans in Florida. (Compl. ¶ 10.) Neither Plaintiffs' conclusory allegations nor the record evidence establish personal jurisdiction over Anthem given that Anthem has no minimum contacts in Florida.

## IV.    LEGAL STANDARD

A court must dismiss a complaint that fails to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted); *see also* Fed. R. Civ. P. 12(b)(6). To establish a plausible claim for relief, a plaintiff must "plead[] factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (requiring plaintiffs to allege "more than an unadorned, the-defendant-unlawfully-harmed me accusation"). If the factual allegations are not enough to raise a right to relief above the speculative level, then the court should dismiss for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion, "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Sapssov v. Health Mgmt. Assocs., Inc.*, No. 14-12838, 608 F. App'x 855, 860 (11th Cir. May 11, 2015); *see also Iqbal*, 556 U.S. at 678. While a court must accept all factual allegations as true, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (internal citation omitted). Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## V.    ARGUMENT

### A.    Plaintiffs lack standing under ERISA to maintain an action against Anthem for the alleged unpaid benefits.

1.    Plaintiffs do not have statutory authority to bring an ERISA claim.

Neither Jet ICU nor Brannigan have the requisite statutory authority to bring an ERISA claim. First, Plaintiffs do not qualify for independent standing under

ERISA.  Only "[t]wo categories of persons may sue for benefits under an ERISA plan: plan beneficiaries and plan participants." *Griffin v. Coca–Cola*, 686 Fed. App'x. 820, 821 (citing 29 U.S.C. § 1132(a)(1)(B)).  The Eleventh Circuit has explained that

> Section 502(a) of ERISA provides that only plan participants and plan beneficiaries may bring a private civil action to recover benefits due under the terms of a plan, to enforce rights under a plan, or to recover penalties for a plan administrator's failure to provide documents.  29 U.S.C. § 1132(a)(1), (c).  This provision also limits the right to sue for breach of fiduciary duty to plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor.  *Id.* § 1132(a)(2).  Additionally, only plan participants, plan beneficiaries, and plan fiduciaries may bring a civil action to obtain equitable relief to redress a practice that violates ERISA or the terms of a plan.  *Id.* § 1132(a)(3).

*Griffin v. Habitat for Humanity Int'l, Inc.*, 641 Fed. App'x. 927, 930 (11th Cir. 2016).  Accordingly, healthcare providers, such as Jet ICU, lack independent standing because they are "participants" or "beneficiaries."  *See Griffin v. Coca–Cola*, 686 Fed. App'x. at 821.

       2.    Plaintiffs cannot establish derivative standing because the Plan contains a valid anti-assignment clause.

Similarly, Plaintiffs cannot establish derivative standing absent a valid assignment of KP's claim for benefits.  While a healthcare provider can secure derivative standing through written assignment from a beneficiary or participant, the ability to assign a claim can be limited by the Plan terms.  *See Griffin v. Coca–Cola*, 686 Fed. App'x. at 821 (observing that providers "may obtain derivative

standing through a written assignment from a beneficiary or participant"); *see also Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1296 (11th Cir. 2004) ("Because ERISA–governed plans are contracts, the parties are free to bargain for certain provisions in the plan—like assignability."). The Eleventh Circuit has long held that "an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable." *Id.* Such an anti-assignment provision "will operate to void the assignment," and "[i]f there is such an unambiguous anti-assignment provision, the healthcare provider will lack derivative standing and cannot maintain the ERISA action." *Griffin v. Coca–Cola*, 686 Fed. Appx. at 822; *see Griffin v. Habitat for Humanity*, 641 Fed. Appx. at 930 ("[W]hen a plan contains an unambiguous anti-assignment provision, a plan participant or beneficiary may not assign benefits to a healthcare provider, meaning the healthcare provider cannot acquire a cause of action under section 502(a)").

The Eleventh Circuit have found the following anti-assignment clauses were clear and unambiguous:

- "Except as applicable law may otherwise require, no amount payable at any time hereunder shall be subject in any manner to alienation by . . assignment . . . of any kind[]." *Physicians Multispecialty*, 371 F.3d at 1295.

- "Except as applicable law may otherwise require, no amount payable at any time hereunder shall be subject in any manner to alienation by . . . assignment. . . . Any attempt to . . . assign . . . any such amount, whether presently or hereafter payable, shall be void." *Griffin v. Habitat for Humanity*, 641 Fed. Appx. at 929.

- "Members cannot legally transfer the coverage.  Benefits under [the plan] are not assignable by any member without obtaining written permission [from the plan administrator.]"  *Griffin v. Coca–Cola*, 686 Fed. Appx. at 822.

Here, the Plan here contains two applicable anti-assignment clauses which state the following:

- "You cannot assign Your right to receive payment to anyone, except as required by a "Qualified Medical Child Support Order' as defined by ERISA or any applicable Federal law."

- "The coverage and any benefits under the Plan are not assignable by any Member without written consent of the Plan, except as provided above."

*See* Ex. 1, Anthem Gold HRA 2019 at 57.  These provisions are unambiguous on their face.  Plaintiffs have not asserted (nor could they) that they obtained written permission from the Plan.  Compared to other anti-assignment clauses that the Eleventh Circuit has already deemed unambiguous, the anti-assignment clause at

issue here is clear and unambiguous.  Accordingly, Jet ICU and Brannigan are

unable to establish independent or derivative ERISA standing.

> 3.    Brannigan is not suing for the benefit of patient KP and his POA cannot withstand scrutiny.

Plaintiffs attempt to sidestep the standing issue by asserting that Brannigan

is acting pursuant to a POA executed by the Plan beneficiary, patient KP.  As an

initial matter, the alleged POA to Brannigan does not confer standing to Jet ICU

and would only give Brannigan standing to the extent he is suing for the benefit of

patient KP.  Florida courts have expressly held that that a POA does not give a

plaintiff standing to pursue ERISA claims in its own name.  *See Peacock Med.*

*Lab, LLC v. UnitedHealth Grp., Inc.*, No. 14-81271-CV, 2015 WL 2198470, at *3

(S.D. Fla. May 11, 2015) (rejecting the argument that a durable power of attorney

could confer ERISA standing to a provider); *see also Luria–Akin v. Devonshire at*

*PGA Nat.*, LLC, No. 08-80349CIV-MARRA/JO, 2008 WL 1745063, at *1 (S.D.

Fla. Apr. 11, 2008); *Falin v. Condo. Ass'n of La Mer Estates, Inc.*, No. 11–61903–

CV, 2011 WL 5508654, at *2 (S.D. Fla. Nov. 9, 2011).  Moreover, it is clear that

an attorney-in-fact may not act for its own benefit; it must only act for the benefit

of its principal.  *See In re Estate of Bell*, 573 So. 2d 57, 59 (Fla. Dist. Ct. App.

1990) (finding that power of attorney did not authorize agent to use principal's

funds for her own personal benefit); *see also Martin v. Sealey*, 1985 WL 1177602,

at *2 (Terr. V.I. Feb. 7, 1985) ("Absent specific authority to do otherwise, an

attorney in fact may act only for the benefit of the principal.") (citing Restatement (Second) of Agency § 39).

Notably, the Complaint does not make any allegation to show that the claim is in fact being brought on behalf of, and for the benefit of patient KP.  In *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, No. 9:18-CV-81761, 2020 WL 3547047, at *2 (S.D. Fla. June 30, 2020), the court reiterated that a POA cannot be used by Chiron solely to benefit itself.  In dismissing Chiron's complaint, the court held that Chiron's POA failed to confer standing because the absence of allegations regarding the injury suffered by individual plaintiffs made it apparent that the suit was being instituted for itself rather than the plan beneficiaries.  *Id.*  This case is on all fours with Chiron.  Here, the Complaint does not allege an injury that is suffered by patient KP due to the denial of benefits.  In fact, all the allegations relate to amounts allegedly owed to Jet ICU rather than payment for which patient KP is liable.  As such, Brannigan's reliance on the POA is merely a pretext for seeking relief for Brannigan's client, Jet ICU.  Thus, Brannigan's POA is not being asserted for the benefit of patient KP and does not confer ERISA standing to Plaintiffs.

Lastly, Plaintiffs' Complaint does not attach the POA and is devoid of facts regarding the validity of the POA.  Powers of attorney are creatures of state law and are strictly construed. *Dingle v. Prikhdina*, 59 So.3d 326, 328 (Fla. 5th DCA

2011).  "[An] attorney-in-fact can seek relief under [ERISA] for an Individual Plaintiff only if that Individual Plaintiff is still owed payment or reimbursement. Otherwise, [the attorney-in-fact] is not acting within the scope of the POA; it is acting to obtain payment for itself, not for the Individual Plaintiff." *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, No. 19-80766-CIV, 2019 WL 9104170, at *8 (S.D. Fla. Sept. 13, 2019), *report and recommendation adopted*, No. 9:19-CV-80766, 2019 WL 9104169 (S.D. Fla. Nov. 26, 2019).  Here, the Complaint is devoid of facts relating to (1) the scope of the POA, (2) the portions of the Plan allegedly breached, and (3) how patient KP is entitled to any reimbursement under the facts given.  Thus, Brannigan does not allege sufficient facts to state a plausible claim that he is acting within the score of the POA. Accordingly, Plaintiff Brannigan lacks standing to state a claim for relief under Rule 12(b)(1).

Moreover, Florida's Power of Attorney Act requires valid powers of attorney to contain very specific formalities and "must be signed by the principal and by two subscribing witnesses and be acknowledged by the principal before a notary public."  Fla. Stat. Ann. § 709.2105.  Plaintiffs' failure to attach a POA to the Complaint leaves the Court unable to discern if Brannigan holds a valid power of attorney under Florida law.  Thus, Plaintiff Brannigan should not be permitted to proceed, notwithstanding that he cannot rely on a POA to prosecute this action.

13

**B.      Plaintiffs have not alleged, and cannot establish, personal jurisdiction over Anthem.**

Plaintiffs' Complaint fails because the court lack personal jurisdiction over Anthem.  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  Moreover, "[i]t goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present."  *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

       1.      Plaintiffs have failed to allege that this Court has specific or general jurisdiction over Anthem.

Plaintiffs have not alleged that this Court has specific or general jurisdiction over Anthem.  Plaintiffs make a single boilerplate allegation that "Anthem systematically and continuously conducts business in the State of Florida, and otherwise has minimum contacts with the State of Florida sufficient to establish personal jurisdiction over it."  (Compl. ¶ 9.)  This jurisdictional allegation is solely directed to general jurisdiction, which the Supreme Court has recently made clear only applies against an out-of-state defendant such as Anthem in extraordinary circumstances.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) ("We do not

foreclose the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.)  However, no extraordinary circumstances are alleged here and there is for basis for general jurisdiction over Anthem.

> 2.    Plaintiffs have not met their pleading burden to establish long-arm jurisdiction over Anthem.

Plaintiffs have also not plead under what provision of Florida's long-arm statute they contend jurisdiction over Anthem exists.  In seeking to establish personal jurisdiction over a nonresident defendant, a plaintiff bears the initial burden and "must plead the basis for personal jurisdiction pursuant to the applicable long-arm statute."  *Kitroser v. Hurt*, 85 So. 3d 1084, 1087 (Fla. 2012).  A plaintiff can satisfy this initial burden "either by alleging the language of the statute without pleading supporting facts, or by alleging specific facts that indicate that the defendant's actions fit within one of the sections of Florida's long arm statute, section 48.193."  *Biloki v. Majestic Greeting Card Co*., Inc., 33 So. 3d 815, 819 (Fla. 4th DCA 2010); *see also Taylor Forge Int'l, Inc. v. Specialty Maintenance & Constr., Inc.*, 685 So. 2d 1360, 1361 (Fla. 2d DCA 1996) ("Before a court may exercise long-arm jurisdiction over a nonresident defendant, the basis for jurisdiction must be alleged with specificity in the complaint.").

Plaintiffs do not allege under what provision of Florida's long-arm statute they contend jurisdiction over Anthem exists. At most, Plaintiffs allege that Anthem engages in generic activities that are insufficient to establish a prima facie case of personal jurisdiction. Plaintiffs claim Anthem "marketing, advertising and selling insurance products, and insures and administers group healthcare insurance plans" in Florida. (Compl. ¶ 10.) Even accepting these alleged acts as true, the acts do not establish a basis for jurisdiction under Florida's long-arm statute because they have no pleading-based connection to Plaintiffs' claim that patient KP's ERISA benefits were incorrectly calculated.

Florida' long-arm statute has a close "nexus" requirement. It provides that a person "who personally or through an agent does any of the acts enumerated in this subsection" submits himself or herself to the jurisdiction of this state "for any cause of action arising from any of the following acts." Fla. Stat. § 48.193(1) (emphasis added); *see also Goode v. Celebrity Cruises, Inc.*, No. 16-24131-CIV, 2017 WL 4347133, at *4 (S.D. Fla. 2017) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint.") (internal citations omitted) (emphases added); *see also Caribe & Panama Investments, S. A. v. Christensen*, 375 So. 2d 601, 603 (Fla. 3d DCA 1979) (holding that plaintiff pleaded insufficient facts to establish jurisdiction, reaffirming "the established law that a plaintiff must allege sufficient facts that the

non-resident defendant was doing business in Florida and that the cause of action sued upon arose out of such business before jurisdiction attaches") (emphasis added).

The Supreme Court has recently emphasized—if not heightened—this close nexus requirement:

> In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'… When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017) (internal citation omitted).  Other federal courts have followed suit in applying this close "nexus" requirement to their jurisdictional analysis.  *See, e.g.*, *Hinkle v. Continental Motors, Inc.*, 268 F. Supp. 3d 1312, 1317 (M.D. Fla. 2017) (dismissing suit for lack of personal jurisdiction because "In Bristol-Myers Squibb . . . the Supreme Court recently clarified the standard for . . . specific jurisdiction [and] reiterated that . . . the suit must arise out of or relate to the defendant's contacts with the forum); *Andrew v. Radiancy, Inc.*, No. 6:16-CV-1061-ORL-37GJK, 2017 WL 2692840, at *3 (M.D. Fla. June 22, 2017) ("The law is clear that, when specific jurisdiction is at issue, the Court must disregard forum contacts that are not connected to the plaintiff's causes of action.").

Here, none of the activities that Plaintiffs allege Anthem engaged in are connected in any way to Plaintiffs in general, let alone the ERISA claim Plaintiffs bring.  Moreover, an allegation about a contract Anthem may have with an entity other than Plaintiffs does not confer personal jurisdiction over them.  *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1777 ("The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State."). In fact, one Florida appellate court recently held that Plaintiffs' exact same legal theory – that contracting with Florida Blue establishes specific jurisdiction over a nonresident insurance company – was legally insufficient and failed to confer jurisdiction.  *See Carefirst of Maryland, Inc. v. Recovery Vill. at Umatilla, LLC*, 248 So. 3d 135, 136 (Fla. 4th DCA 2018) (rejecting the notion that being "a licensee of Blue Cross and participat[ing] in the Blue Card Program, which allows members to receive treatment nationwide while allowing the defendant to charge the in-state discounted rates that Blue Cross uses in that state" is sufficient to confer personal jurisdiction over that licensee).  Plaintiffs' additional allegation – that Anthem "conducts a substantial amount of business in the he Middle District of Florida, including marketing, advertising and selling insurance products, and insures and administer group health care insurance plans" – is conclusory and irrelevant.  Plaintiffs do not allege that any of this business or these advertisements were related to Plaintiffs, or even to air ambulance or emergency transport services

in general.  *See Aegis Def. Services, LLC v. Gilbert*, 222 So. 3d 656, 661 (Fla. 5th DCA 2017) ("Specific jurisdiction requires a connection or 'connexity' between the enumerated activity in Florida and the cause of action.").  Plaintiffs also do not identify what this alleged advertising activity was "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (affirming personal jurisdiction motion to dismiss because the plaintiff relied on "vague and conclusory allegations").

Particularly in light of the fact that "Florida's long-arm statute is to be strictly construed," *Fraser v. Smith*, 594 F.3d 842, 848 n.8 (11th Cir. 2010) (internal references omitted), Plaintiffs' superficial jurisdictional allegations are insufficient to meet its prima facie pleading burden.  The Complaint should be dismissed.

       3.    Plaintiffs have not alleged that there is a specific nexus between their claim and Anthem's contacts with Florida.

To sustain personal jurisdiction, Plaintiffs must allege that there is a specific nexus between this claim and Anthem's contacts with Florida.  Because Plaintiffs cannot make such allegations, the court must dismiss their Complaint.  Personal jurisdiction for corporate defendants can only be established where a corporation is "at home" – which means that the corporation is only subject to general jurisdiction where it is incorporated and (if different) where it has its principal

place of business. *Daimler AG v. Bauman*, 134 S. Ct. at 761. General jurisdiction will only exist outside those limited locations in "exceptional circumstances." *Id.* Plaintiffs appear to vaguely allege that Anthem may have contracts with a "host" Florida plan while Anthem itself is the "home" plan, but Plaintiffs wholly fail to identify any Florida-based entity aside from themselves. (Compl. ¶¶ 29-34.)

In any event, an allegation about a contract Anthem may have with an entity other than Plaintiffs does not confer personal jurisdiction over them. One Florida appellate court recently held that Plaintiffs' exact same legal theory – that contracting with Florida Blue establishes specific jurisdiction over a nonresident insurance company – was legally insufficient and failed to confer jurisdiction. *See Carefirst of Maryland, Inc. v. Recovery Vill. at Umatilla, LLC*, 248 So. 3d 135, 136 (Fla. 4th DCA 2018) (rejecting the notion that being "a licensee of Blue Cross and participat[ing] in the Blue Card Program, which allows members to receive treatment nationwide while allowing the defendant to charge the in-state discounted rates that Blue Cross uses in that state" is sufficient to confer personal jurisdiction over that licensee). Thus, Plaintiffs have not made any allegations that Anthem's operations in Florida are so substantial as to render Anthem at home in Florida.

    4.     Even if Plaintiffs met their initial pleading burden, there is no factual basis for long-arm jurisdiction here.

Further, even if Plaintiffs met their initial pleading burden, which they have not, there is still no basis for the proper exercise of long-arm jurisdiction over Anthem.  If a plaintiff meets its initial pleading burden, the defendant may "challenge[] jurisdiction by submitting affidavit evidence in support of its position" that no such jurisdiction in fact exists.  *Mazer*, 556 F.3d at 1274.  If the defendant does so, the burden again shifts, and "the plaintiff bears the burden of proving sufficient jurisdiction by affidavits or other sworn statements." *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005); *see also Mazer*, 556 F.3d at 1274 ("Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.") (internal quotations and citation omitted).

Courts must follow a two-step approach: (1) determine if jurisdiction is factually appropriate under the state long- arm statute; and (2) determine if jurisdiction would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500-02 (Fla. 1989).  Applied to the record evidence here, Plaintiffs cannot meet either step of this controlling inquiry.

Anthem is an Indiana Corporation with its principal place of business located in Indianapolis, Indiana. Anthem does not maintain any corporate office outside the State of Indiana. Anthem never contracted with Plaintiff Jet ICU either in Florida or Indiana, or elsewhere, regarding the claims at issue in this case. At all times relevant to this dispute, Plaintiff Jet ICU was an out-of-network provider that did not have a participating provider contract with Anthem. In short, and contrary to Plaintiffs' superficial allegations, Anthem exhibits none of the factual hallmarks of "conduct[ing] a substantial amount of business in Florida." (Compl. ¶ 10.)

The fact that Jet ICU, the patient at issue, or the respective medical providers may have chosen to be transported to Florida does not support jurisdiction. *See, e.g.*, *Courboin v. Scott*, 596 F. App'x 729, 734 (11th Cir. 2014) ("[T]the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); *Kindred Hosps. E., LLC v. Buffalo Bd. of Educ.*, No. 8:17-cv-1106-T-24MAP, 2017 WL 3622154, at *4 (M.D. Fla. Aug. 23, 2017) ("The Court agrees with Defendants that they did not purposefully avail themselves of the privilege of conducting business within Florida. The only connection Defendants have with Florida is a result of the unilateral activity of the Insured.").

Accordingly, there are no Florida contacts by Anthem related to Plaintiffs' cause of action. Thus, Anthem has not purposely availed itself of the privileges of

22

conducting business activities within this state and could not reasonably have expected to be hauled into a Florida court. Nor would exercising personal jurisdiction over them comport with notions of fair play and substantial justice. The Complaint against Anthem should be dismissed.

### C.    Plaintiffs' claim fails because they have not alleged specific plan terms that were breached.

In addition to the significant procedural flaws in Plaintiffs' Complaint, Plaintiffs' also fail to state a claim for ERISA for benefits. To state a claim for benefits under ERISA, a plaintiff must plead facts showing that there are "benefits due" to them "under the terms of" an ERISA plan. See 29 U.S.C. § 1132(a)(1)(B). This means Plaintiffs are required to identify the specific plan terms that confer the benefits sought. *RMP Enterprises, LLC v. Connecticut Gen. Life Ins. Co.*, No. 9:18-CV-80171, 2018 WL 6110998, at *6 (S.D. Fla. Nov. 21, 2018); *Polk Medical Center, Inc. v. Blue Cross and Blue Shield of Georgia, Inc.*, No. 1:17-cv-3692, 2018 WL 624882, at *3 (N.D. Ga. Jan. 30, 2018).

Eleventh Circuit courts have clearly articulated that to state a claim for relief under ERISA, the complaint must identify the controlling ERISA plans that purportedly confer the claimed benefit and must identify the specific terms and provisions of the plans on which a plaintiff relies. *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *5-6 (S.D. Fla. Jan. 14, 2013) ("[B]enefits payable under an ERISA plan are limited to the benefits

specified in the plan," and, accordingly, "[a] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question.") (*quoting Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 130 (D.D.C. 2005)). If a complaint fails to adequately identify the specific plans and their terms, then "the action must be dismissed for failure to state a claim." *Stewart*, 404 F. Supp. 2d at 131.

For example, in *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *5-6 (S.D. Fla. Jan. 14, 2013), the court held that plaintiffs' claim for denial of benefits was deficient as a matter of law because plaintiffs' generalized allegations about their entitlement to benefits were devoid of "textual support from the specific relevant plan language." The court found that mere assertion that defendants "violated the terms of the plan wherein United agreed to pay for medically necessary . . . procedures" was not sufficient. *Id.* at 5.

Similarly, here, Plaintiffs entire claim rests on the bare allegation that Anthem "failed to reimburse Jet ICU either of the amounts set forth in the Certificate, violating ERISA." (Compl. ¶ 34.) Aside from a few selective references, Plaintiffs' Complaint does not set forth the specific plan terms that show the services provided were covered, that the services were medically necessary, or the services are not otherwise excluded from coverage. *See Sanctuary Surgical*, 2013 WL 149356 at *6 ("The plaintiffs' selective reference to

coverage excerpts from these plans, without also including a citation to relevant exclusionary provisions . . . does not provide the court with enough factual information."). Accordingly, Plaintiffs fail to state a claim for additional benefits under ERISA § 502(a)(1)(B) and their claim is likely to be dismissed.

## VI.    CONCLUSION

For the foregoing reasons, the Court should enter an Order granting this Motion and dismissing the Complaint with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that a good faith conference regarding this motion was conducted via email on December 2, 2021 and December 3, 2021 and that counsel for Plaintiffs stated that it would oppose Defendant's Motion to Dismiss.

Date: December 7, 2021                    Respectfully Submitted,

**ANTHEM BLUE CROSS
AND BLUE SHIELD**

By: */s/ Gillian Williston*

TROUTMAN PEPPER HAMILTON
SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7517
Facsimile: (757) 687-7510
Email: Gillian.Williston@troutman.com
*Counsel for Defendant Anthem Blue Cross
and Blue Shield*

25