UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BRANNIGAN, Attorney-in-fact for PATIENT K.P.,

    Plaintiff,

v.                                Case No. 8:21-cv-2353-KKM-SPF

ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,

    Defendant.

## ORDER

On April 28, 2022, Anthem Insurance Companies filed a motion to dismiss for improper venue or in the alternative, motion to transfer. (Doc. 43.) On November 7, 2022, the United States Magistrate Judge entered a Report and Recommendation, recommending that Anthem's motion to dismiss be denied, but its motion to transfer be granted (*Id.*), and this case be transferred to the Southern District of Indiana. (Doc. 60.) The fourteen-day deadline for objections to the Magistrate Judge's recommendation has passed without objection. Considering the record, the Court adopts the Report and Recommendation for its stated reasons, (Doc. 60), denies Anthem's motion to dismiss, and

grants Anthem's motion to transfer, (Doc. 43). Further, the Court transfers this case to the Southern District of Indiana.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. First, the Court agrees with the Magistrate Judge that minimum contacts for venue purposes under ERISA require that Anthem have minimum contacts with this judicial district. *See International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Anthem's contacts with the Middle District of Florida are not substantial or continuous and systematic. Thus, venue is improper in this judicial district.

Second, the Court agrees that the factors for transfer weigh in favor of transferring the case to the Southern District of Indiana. Because Anthem has its headquarters in Indianapolis and made the decision to deny coverage there, the Court transfers this case to the Indianapolis Division of the Southern District of Indiana.

Accordingly, it is now **ORDERED**:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation for all purposes, including appellate review. (Doc. 60.)

2. The Court **DENIES** Anthem's Motion to Dismiss. (Doc. 43.)

3. The Court **GRANTS** Anthem's motion to transfer (Doc. 43) and **TRANSFERS** this case to the Southern District of Indiana.

5. The Clerk is directed to **TRANSFER** this case to the Southern District of Indiana, Indianapolis division, for all further proceedings. Following transfer, the Clerk is directed to terminate any pending motions and deadlines and **CLOSE** the case.

**ORDERED** in Tampa, Florida, on November 23, 2022.

*[Signature]*

**TOM BARBER**
**UNITED STATES DISTRICT**
**JUDGE**

Case 1:22-cv-02277-RLY-KMB   Document 63   Filed 11/23/22   Page 4 of 4 PageID #: 459